The opinion of the Court was delivered by
Bay, J.
This case has undergone a second investigation in this Court, where all the arguments urged on the trial below have been again repeated, and some additional ones brought forward, against the demand-ant’s claim of dower. 1 Mott & M'Cord, 413. But after the fullest examination, I can see no ground to disturb this verdict.
There is no better rule established in the common law, than the one contended for in this case, that if a man, seized of lands, dies, leaving no issue behind him, nor collateral relations capable of inheriting, his lands shall escheat to the State, rather than go over to aliens.[1] But where there is any one of his blood capable of inheriting the fee of the lands, they shall go over to that one, in preference to all others, who *are r^ono nearer to him in degree, who are aliens ; in which case the lands ^ shall not escheat, but vest in him who is capable of taking.[2] In the present case, upon the death of William Scott, the elder, all his near relations were in Ireland, who were incapable of inheriting, but one, who was William Scott, the younger, his nephew, who was in South Carolina, and who had been made a citizen. Something was said on the trial below, about Thomas Scott, the brother, who had been in America; and he was believed to have been made a naturalized citizen, but there was no actual proof of it; and he was, at the time of his brother’s death, and still is, residing in a foreign country.
But if any doubt could arise upon the construction of the common law, surely none can remain now after the decree of the Court of Equity. That is eertainly the highest Court of judicature in Carolina, inasmuch as it in many cases controls the Courts of common law. All the parties were before that Court, and their claims and pretensions to this very land in dispute, among others, were before it, and fully investigated; and after mature deliberation, they decreed the lands of old William Scott, the uncle, to have become vested in William Scott, his nephew. This Court is bound by that decree. We cannot unravel it, or presume to say it was not founded in law and justice. On the contrary, the respect due to so high and solemn a tribunal, compels us to submit to its decrees. And in the case of Stark v. Woodward, 1 Nott & M'Cord, 259, 329, lately determined at Columbia, the same doctrine was laid down, and determined by the unanimous assent of all the judges.
Upon the whole, there does not appear to be any ground for a new trial.
ConcooK, Johnson, BjchaRDSon, Mott and HügeR, JJ., concurred.
See 1 Sp. 365.

 7 Rich. 74.

 1 Sp. 536.